IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

WILLIE HILLS,                          §
                Petitioner,              §
                              §
v.                                     §          CIVIL ACTION NO. H-04-3432
                              §
DOUGLAS DRETKE, Director,              §
Texas Department of Criminal Justice,  §
Correctional Institutions Division,    §
                Respondent.              §

**<u>MEMORANDUM OPINION AND ORDER</u>**

       Willie Hills, a state inmate incarcerated in the Texas Department of Criminal

Justice–Correctional Institutions Division (TDCJ), *pro se* and *in forma pauperis*, filed a

petition for a writ of habeas corpus challenging his conviction under 28 U.S.C. § 2254.

Respondent submitted a motion for summary judgment (Docket Entry No. 11).  Petitioner

responded to the motion (Docket Entries No. 14, 15), and filed a motion to dismiss (Docket

Entry No. 13) and a motion alleging misconduct by respondent (Docket Entry No. 16).

       After consideration of the pleadings, the motions, the responses, the applicable law,

and the relevant state court records, respondent's motion for summary judgment is

**GRANTED**, petitioner's motions are **DENIED,** and this case is dismissed for the reasons

discussed below.

## I.        <u>BACKGROUND AND PROCEDURAL HISTORY</u>

       A jury found petitioner guilty of possession with intent to deliver a controlled

substance, namely cocaine, under Cause Number 872165 in the 232nd District Court of

Harris County, Texas.  The jury assessed punishment at fifteen years incarceration in TDCJ and a $5,000.00 fine.  The conviction was affirmed on direct appeal.  *Hills v. State*, No. 14-02-00379-CR (Tex. App. –Houston [14th Dist.] 2003, pet. ref'd) (not designated for publication).  The Texas Court of Criminal Appeals refused discretionary review.  *Hills v. State*, PDR No. 1226-03.

The Texas Court of Criminal Appeals denied petitioner's first state habeas application without a written order.  *Ex parte Hills*, No. 53,993-01, at cover.  Hills filed a second application for state habeas review, which the Texas Court of Criminal Appeals dismissed as a subsequent application.  *Ex parte Hills*, No. 53,993-02, at cover.

Petitioner's pending federal habeas corpus petition raises the following grounds for relief:

(1)     his confession was involuntary and inadmissible;

(2)     his Fourth Amendment rights were violated by an unconstitutional search and seizure;

(3)     trial counsel was ineffective in

    (a)     failing to file any trial motions, including a motion to suppress his confession;

    (b)     failing to inform petitioner that he had the right to present witnesses at the punishment hearing; and

    (c)     failing to locate and present witnesses at the punishment hearing;

(4)     the denial of probation for petitioner as a first-time offender is unfair.

Respondent moves for summary judgment and argues that these grounds fail as a matter of law.

## II.    SUMMARY JUDGMENT MOTION

### A.    Summary Judgment Standard of Review

Respondent's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure.  In deciding a motion for summary judgment under Rule 56, the court must determine whether the pleadings and summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.  Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmoving party to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

All of the evidence must be construed in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or resolving any factual disputes. *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996).  However, factual controversies are resolved in favor of the nonmovant only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory

facts. *Laughlin v. Olszewski*, 102 F.3d 190, 193 (5th Cir. 1996). In that regard, a fact is material if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Moreover, an issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

**B.    Habeas Corpus Petitions Under AEDPA**

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was (1) contrary to clearly established federal law as determined by the Supreme Court, or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor,* 529 U.S. 362, 404-05 (2000)*;* 28 U.S.C. §§ 2254(d)(1) and (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002). A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams,* 529 U.S. at 409. In deciding whether a state court's application was unreasonable,

4

this Court considers whether the application was objectively unreasonable.  *See id.* at 409, 411.

The AEDPA affords deference to a state court's resolution of factual issues.  Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding.  *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003).  A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

Where state habeas relief is denied without a written opinion, the AEDPA standards for review still apply.  Under such circumstances, the Court assumes that the state court applied the proper "clearly established Federal law," and then determines whether the decision was "contrary to" or "an objectively unreasonable application of" that law.  *See*, *e.g.*, *Schaetzle v. Cockrell*, 2003 WL 21947120, *3 (5th Cir. 2003) . These standards will be applied to the pending summary judgment motion.

## III.   INVOLUNTARY CONFESSION

Petitioner argues that his videotaped pretrial confession was involuntary and inadmissible because he was under the influence of "crack" cocaine when he was arrested, and did not realize he was waiving his rights when he confessed.  To the extent petitioner argues that the confession violated provisions of the Texas Code of Criminal Procedure, his

argument fails to raise a federal habeas issue.  Federal courts do not review questions of state law.  *Johnson v. Cain*, 215 F.3d 489, 494 (5th Cir. 2000).

Petitioner's claim that he was confused and under the influence of "crack" cocaine when he confessed is a conclusory allegation unsupported in the record.  *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.").  Furthermore, this claim is contradicted by petitioner's own trial testimony that the last time he smoked "crack" cocaine was the day before his arrest.  R.R. Vol. 3, pp. 42, 84.

To the extent this issue was presented to the state court in petitioner's state habeas application, the Texas Court of Criminal Appeals impliedly rejected petitioner's argument by denying habeas relief.  The state court's determination was neither contrary to, nor involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, nor an unreasonable determination of the facts in light of the evidence presented in petitioner's state habeas corpus proceeding.  Habeas relief is denied.

## IV.   UNCONSTITUTIONAL SEARCH AND SEIZURE

Petitioner next claims that his arrest and conviction were based on evidence obtained through an unlawful search and seizure.  This ground for habeas relief is barred from federal habeas review.  Where the state has provided an inmate an opportunity for full and fair litigation of a Fourth Amendment claim, federal habeas relief may not be granted on the

6

ground that evidence admitted at trial was obtained by an unconstitutional search and seizure. *Stone v. Powell*, 428 U.S. 465, 494 (1976). Petitioner does not contend, and the record does not show, that the State denied him an opportunity to challenge the search and seizure in state court. Accordingly, habeas relief is not warranted.

## V.   INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of such deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

An attorney's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional

7

judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland,* 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the defendant of any substantive or procedural right to which he is entitled. *Id.*

Petitioner contends that counsel was ineffective in (a) failing to file any trial motions, including a motion to suppress his confession; (b) failing to inform petitioner that he had the right to present witnesses at the punishment hearing; and (c) failing to locate and present witnesses at the punishment hearing. At the motion for new trial hearing held by the trial court, counsel testified by affidavit as to the following:

> Prior to trial I visited [petitioner] numerous times in jail and informed him each of the several times I had spoken with [Mr. White] who claimed to be his brother and a Deputy with the East Baton Rouge Sheriff's Office. The last time I spoke with Mr. White I called him [at a certain telephone number] and during that conversation Mr. White informed me that he definitely would not be coming to Houston for [petitioner's] trial. He also asked me to tell [petitioner] to call him collect.

8

> When I relayed Mr. White's message to [petitioner], [petitioner] stated that he did not want to talk to his brother and that he did not want anyone, especially members of his family, to participate in his trial because they were not involved in anyway with what got him there and he refused to give me any names, phone numbers or addresses of any friends or family that might come forward to assist him.  He repeatedly stated that he only wanted one person to assist him in his trial and that was, Mr. Marco Marshall, the driver of the vehicle in which he was arrested.

(C.R., p. 145).

The state appellate court rejected petitioner's arguments under subparts (b) and (c), and held as follows:

> In support of his ineffectiveness claim regarding the failure to investigate and call [punishment] witnesses, [petitioner] relies on affidavits of those witnesses presented with his motion for rehearing.  However, the affidavit of [petitioner's] counsel states that [petitioner] had not wanted anyone to participate in his trial and that [petitioner] had refused to give his counsel the names of any witnesses who might assist him. . . . In that [petitioner] has cited no authority finding ineffective assistance on a matter on which a defendant refused to cooperate with his attorney, he has failed to demonstrate ineffective assistance on the alleged failure to investigate and call the [punishment] witnesses.

*Hills*, p. 3 (citation omitted).   Although petitioner argues that the trial court was biased in believing trial counsel's affidavit over those of his family members, the affidavits are not inherently inconsistent.  That petitioner's family members were willing to testify does not negate counsel's testimony that petitioner did not want them involved or called as witnesses.

Under subpart (a), petitioner asserts that trial counsel failed to file any trial motions, and in particular, failed to file a motion to suppress his confession.  The record shows that trial counsel filed several pretrial motions, and the only unfiled motion petitioner specifically identifies is a motion to suppress.  Petitioner's argument was not clearly

presented to the state court on either direct appeal or collateral review. However, as his

argument has no merit, the Court will address his complaint that counsel failed to challenge

the confession.

In his affidavit, counsel testified as follows:

I did not object to the videotape, containing [petitioner's] oral statement,
being admitted into evidence because I believe it complies with Article 38.22,
Sec. 3, TEX. CODE CRIM. PRO. At the start of the tape the interviewing
officer had [petitioner] verbally acknowledge that he understood all of his
rights by saying 'yes' as he read each of them.

The audio of the tape clearly conveys [petitioner's] voice saying 'yes' when
the officer asked him: a) if he understood that he had the right to remain silent
and not make any statement at all; b) that any statement he made may be and
probably would be used against him in a trial; c) that he has the right to have
a lawyer advise him prior to answering any questions; d) that if he is unable
to employ a lawyer he has the right to have a lawyer appointed to advise him
prior to answering any questions and that he has the right to terminate the
interview at any time. [Petitioner] answered 'yes' to acknowledge that he
understood each of his rights.

The interviewing officer then spoke to [petitioner] about the drugs found at
the time of his arrest and asked him '. . . do you want to tell me anything?'
From that point on [petitioner] voluntarily spoke, after acknowledging that he
understood his rights, and proceeded to make his oral confession without any
undue persuasion by the interviewing officer and without requesting the
presence or advise (*sic*) of a lawyer. The recording devise (*sic*) was operated
by a competent operator and it produced an accurate recording, all the voices
are identified and the tape does not appear to have been altered in any way.

(C.R., pp. 144-45).

Informed decisions of counsel are to be given a heavy measure of deference, and will

not be second guessed by this Court. *See Lamb v. Johnson*, 179 F.3d 352, 358 (5th Cir.

1999). A conscious, informed decision on trial tactics and strategy cannot form the basis

for constitutionally ineffective assistance of counsel unless it is so ill-chosen that it permeates the entire trial with obvious unfairness. *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983). Such an argument is not supported by the record before this Court.

An independent review of the record shows that the state court determinations were neither contrary to, nor involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, nor an unreasonable determination of the facts in light of the evidence presented at the state habeas corpus proceedings.

Moreover, petitioner has not demonstrated that the result of his trial would have been different had counsel performed in the manner outlined by petitioner, and no prejudice has been shown. Habeas relief is denied.

## VI.    <u>DENIAL OF PROBATION</u>

In his final ground, petitioner argues that because he had no prior criminal history, he should have been given probation, and that a fifteen-year sentence for a first-time offender is unfair. (Docket Entry No. 1, p. 8.)  In petitioner's case, the jury charge on punishment included an option for probation, but the jury declined to grant probation. *Hills v. State*, p. 3. The decision to grant or not grant a defendant probation is strictly a matter for the fact finder's discretion under state law, and does not present an issue of federal constitutional dimension. Petitioner was convicted of possession with intent to deliver a controlled substances, namely cocaine, in an amount of more than 200 grams but less than 400 grams. Petitioner does not dispute that such an offense was punishable by a sentence of ten years to life imprisonment, and that the punishment assessed fell within the statutory

11

range.  Petitioner presents no legal or factual support for the argument that his fifteen year

sentence constitutes cruel and unusual punishment.

To the extent this issue was presented to the state court in petitioner's state habeas

application, the Texas Court of Criminal Appeals impliedly rejected petitioner's argument

by denying habeas relief.  The state court determination was neither contrary to, nor

involved an unreasonable application of, clearly established federal law as determined by

the Supreme Court, nor an unreasonable determination of the facts in light of the evidence

presented at petitioner's state habeas corpus proceedings.  Habeas relief is not warranted.

## VII.   PETITIONER'S MOTIONS

Because the Court is granting summary judgment and dismissing this habeas petition,

petitioner's motion to dismiss the summary judgment motion (Docket Entry No. 13) is

**DENIED**.

In his "Motion for Ruling of Misconduct on the Part of the Director" (Docket Entry

No. 16), petitioner complains that in the motion for summary judgment, respondent

improperly alleged that petitioner was convicted of possessing "crack cocaine."  Petitioner

argues that  his conviction involved cocaine, not "crack" cocaine, and that respondent's

reference to "crack" cocaine was a deliberate and malicious effort to harm petitioner's case

by adding "an aura or taint of stigmatization via racial profiling."  (Docket Entry No. 14, p.

2).

The Court takes judicial notice of the fact that petitioner's indictment, verdict, and

judgment do not reference "crack" cocaine, and that respondent incorrectly added the term

"crack" on page 19 of its motion for summary judgment.  While respondent's misuse of the term is not to be condoned, the Court has not been mislead in any way by this single instance.  Nor has use of the term added a "taint" or "aura" of racial stigmatization or profiling before this Court, as petitioner himself claims he was under the influence of "crack" cocaine at the time of his confession (Docket Entry No. 13, p. 4).  Petitioner shows no harm by respondent's misuse of the term, and his motion (Docket Entry No. 16) is **DENIED**.

## VIII.   <u>CERTIFICATE OF APPEALABILITY</u>

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  This standard includes showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Stated differently, where claims have been dismissed on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Id*.  For reasons stated above, the Court has determined that petitioner has not made the requisite showing under the applicable standard, and so a certificate of appealability will be denied.

13

IX.    **CONCLUSION**

Accordingly, the Court **ORDERS** as follows:

1.    Respondent's motion for summary judgment (Docket Entry No. 11) is **GRANTED**.

2.    Petitioner's motion to dismiss (Docket Entry No. 13) is **DENIED.**

3.    Petitioner's motion for ruling of misconduct (Docket Entry No. 16) is **DENIED**.

4.    The petition for a writ of habeas corpus is **DENIED**.

5.    A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on August 5, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE